Filed 12/22/21  Thompson v. Thompson CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| REGAN THOMPSON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JASON THOMPSON,<br><br>    Defendant and Respondent. | 2d Civ. No. B307398<br>(Super. Ct. No. D397065)<br>(Ventura County) |

Regan Thompson appeals a domestic violence restraining order issued against her pursuant to the Domestic Violence Prevention Act.  (Fam. Code, § 6200.)[1]  She contends the order is not supported by the evidence and violates her state and federal due process rights.  We affirm.

### FACTUAL BACKGROUND
### AND PROCEDURAL HISTORY

Regan Thompson and Jason Thompson married in 2007. Both describe their relationship as tumultuous from the

---

[1] Unlabeled statutory references are to the Family Code.

beginning. The marriage's decline began in October of 2019 when Regan[2] flew to to Hawaii with their three young children while Jason was away on business. A few weeks later she took the children and drove away from the family home in the middle of the night. They were later found by Humboldt County authorities standing in the rain on the shoulder of a freeway. Regan had collided with another vehicle she had attempted to pass. She was travelling over 90 miles per hour at the time of the collision. Regan was arrested and the children were placed in foster care. Jason immediately retrieved the children and obtained a temporary restraining order (TRO) upon returning to Ventura County.

A permanent domestic violence restraining order (DVRO) hearing was held on August 14, 2020. Jason testified about the Hawaii and Humboldt incidents and introduced some of Regan's texts and emails. Many berated him as a father and husband while others spoke of her superior intelligence and direct familial lineage to Native American and European royalty. Some implied she planned to kill herself. Jason also testified about the discord caused by Regan's fixation on their children's illnesses and whether mold in their home was to blame.

Regan testified that Jason was an abusive workaholic who dismissed valid concerns about their children's health. She recounted how she gathered the children and family dog then drove to Northern California to escape his abuse. She explained that the car accident occurred when she tried to outrun three trucks she believed were following her. She justified speeding as necessary to distance herself from the pursuers, and that her

---

[2] We refer to the parties by their first names to avoid confusion. No disrespect is intended.

2

attempted split-lane pass of two vehicles was necessary to prevent hydroplaning.

## DISCUSSION

The court may issue a DVRO for up to five years after a noticed hearing. (§ 6345, subd. (a).) It is the petitioner's burden to establish abuse by a preponderance of the evidence. (*Gdowski v. Gdowski* (2009) 175 Cal.App.4th 128, 137.) "Abuse" may include physical acts or any conduct listed under section 6320, such as "disturbing the peace of the other party." (§§ 6203, 6320, subd. (a).) Disturbing the peace includes unwelcome contact by the restrained party that destroys the mental or emotional calm of the petitioner. (*Burquet v. Brumbaugh* (2014) 223 Cal.App.4th 1140, 1146.) We review the court's DVRO ruling for abuse of discretion. (*Id.* at p. 1143.)

Regan contends the DVRO is not supported by sufficient evidence. The record shows otherwise. Jason presented evidence of profoundly disturbing acts and statements on the part of Regan over a period of many months. This included threats to harm herself in the children's presence. The court afforded Regan considerable latitude at the hearing to present her version of events.[3] In sum, her appeal challenges the finding that Jason's evidence was more credible than hers. We defer as we must to the trial court's factual determinations. (*Schneer v. Llaurado* (2015) 242 Cal.App.4th 1276, 1287 ["The family court's resolution of conflicts in the evidence and credibility assessments are binding on this court"].)

---

[3] Regan was unrepresented at the hearing. Substantial portions of her testimony were given to topics such as mitochondrial genetics, cryptology, vehicle recalls, drone killings, the COVID-19 outbreak, and economist John Nash's FBI connections.

3

## CONCLUSION

The restraining order is affirmed.  Jason shall recover his costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

4

William Liebmann, Judge
Superior Court County of Ventura

_____


Regan Thompson, in pro. per., for Plaintiff and Appellant.
Nicholson Law, Lauren Nicholson; Ferguson Case Orr
Paterson, Wendy Cole Lascher, for Defendant and Respondent.